UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

*Joy Parnes et al.,*

      Plaintiffs,

vs.                          Case No.: 6:23-cv-854-JA-LHP

*Orange County School Board,*

      Defendant.

_____//

### Plaintiffs' Unopposed Omnibus Motion for an Extension to Respond to Defendants Motion for Summary Judgement and Motion to <u>Exclude Plaintiffs' Expert Witness</u>

Trial counsel files this motion on behalf of Plaintiffs seeking an order granting counsel an extension of time to file a response to Defendant's motion for summary judgement [DE-52] and Defendant's motion to exclude Plaintiff's Expert [DE-53], both of which were filed on 24 May.  The undersigned respectfully requests an extension to 12 July to file Plaintiffs' memoranda of law in opposition to each of the two referenced motions.  The Memorandum below provides both the factual basis for the requested extension of time, and legal support for the Court's consideration to grant the requested relief.

## I.   LOCAL RULE 3.01(G) CERTIFICATION.

Plaintiffs and their trial counsel certify that the requirements of Rule 3.01(g) of the Local Rules of the Middle District of Florida were satisfied prior to filing this motion.  Attorney Kevin K. Ross provided attorney Amy J. Pitsch a draft of this motion on 4 June to enable counsel and her client to review the premise of the motion, the reasons for the requested extension, and to provide their feedback.  Ms. Pitch indicated, in an email received on late in the day on 4 June that her client did not object to a two week extension of time, but would not agree to a longer extension of time because the Defendant wants to file a reply to Plaintiffs' response prior to the August 1 date for the meeting of counsel to prepare the Joint Pretrial Statement, which truly has no bearing on the issue at bar since it is unlikely that this Court will rule upon the Defendant's two motions prior to September 2024[1].

---

[1] The undersigned expresses his disappointment with Defendant's uncompromising position. The undersigned has agreed to every extension and courtesy requested by Defendant.  Plaintiffs agreed to a 25-day extension requested by Defendant in June 2023 (to file a basic motion to dismiss) because Defendant needed time because counsel and client had planned vacations.  When Defendant's motion to dismiss was denied, Defendant failed to timely file an answer.  Not only did the undersigned contact defense counsel to advise of the error, but the undersigned did also not object to or interfere with Defendant's efforts to file its answer almost three weeks late.  Plaintiff has agreed to other extensions and requests for accommodation, including Defendant's recent request for ten (10) additional pages to include in its motion for summary judgment.  As discussed in Section II of this memorandum, Plaintiffs are not requesting additional time because of vacations, or because there was a lapse in judgment.  Plaintiffs have requested the extension because their lawyer has a rigorous schedule for the next several weeks and has and will continue to have to miss work to deal with his cancer treatment (Stage IV cancer, which Defendant is aware of). Agreeing to a little longer extension of time under these circumstances is certainly not an unreasonable request.

II.    PREMISE FOR THE MOTION AND THE REQUESTED RELIEF FOR THE COURT'S CONSIDERATION.

Plaintiff provides the Court with context concerning Defendant's recent motion practice, context that will enable the Court to better understand the reasons for Plaintiffs' request for additional time to respond to the two motion that were filed on 24 May [DE-52 and DE-53].

On 10 May, Defendant filed a motion asking the Court for permission to exceed the 25-page limit for its motion for summary judgment, on the premise that there were several meaningful issues that needed to be addressed in the motion. The undersigned agreed to the request, as a professional courtesy, and the Court granted the request and permitted the Defendant to exceed the 25-page limit for the motion to file a 35-page motion[2]. In addition to filing a 35-page motion, however, the Defendant also filed 30 exhibits (with over hundred plus pages of data) for the Court to consider as part of the 35-page motion; see [DE-52].

Between the lengthy summary judgment motion and the reservoir of exhibits, Defendant's motion provides over 150 pages of information, declarations, reports, documents, etc. for the undersign to synthesize, analyze, confirm, and of course confront in preparing Plaintiffs' response to this massive filing.

---

[2] Although the issue is not being raised in this motion, it is likely that Plaintiff may file a motion to request permission to exceed their 20-page limitation to respond to the motion for summary judgment by 10 pages as well; Plaintiff will file that motion if necessary once counsel is able to finish deciding his approach to responding to the motion.

In addition to filing a complex motion for summary judgment that covers a wide range of issues (and certainly exceeds the typical page limitations of a standard dispositive motion), Defendant also filed a 20-page motion seeking to exclude Plaintiffs' expert witness from testifying at trial, which will require an extensive investment of time to research and prepare an opposition. Based on Rule 3.01(c) of the Local Rules of the Middle District of Florida, Plaintiff must file an opposition brief to each motion by 14 June, which is not enough time, especially when the lawyer has other matters that were previously scheduled.

The next section of this memorandum expresses the basis for requesting an extension. Nonetheless, the undersigned submits that granting the requested extension will not impact any of the Court's deadlines or requirements in the Case Management and Scheduling Order [DE-23] as amended by [DE-30], it will have no material impact on Defendant, and it will not cause any meaningful delay in the prosecution or defense of this lawsuit as the remaining obligations required under the Case Management and Scheduling Order (as amended) have nothing to do with filing a response to the two motions at issue – no matter when Plaintiff files its response, it is not likely that the Court will be able to review and rule on the motion before August or even September 2024.

III.   FACTUAL AND LEGAL JUSTIFICATION FOR THE REQUESTED RELIEF FOR THE COURT'S CONSIDERATION.

The two filings present complex and dispositive issues for this Court to resolve, both of which could have a critical impact on the outcome of this lawsuit. Moreover, the motion for summary judgment with its robust magnitude of pages of exhibits to cogitate, rationalize and challenge as part of preparing a response, alone would require more than 21-days (this effort does not include the 20-page Daubert motion), but there are other factors that the undersigned humbly requests that the Court consider in addition to the magnitude of the legal briefs that are at issue[3].

Trial counsel is not requesting sympathy by raising the following issues, rather, the undersigned is merely sharing information to justify the length of time that is being requested to file responses to Defendant's two complex and significant motions[4]:

---

[3] It is fair to mention that Defendant, as the moving party, was under no time constraint to prepare and file its motion for summary judgement and the Daubert motion because the deadline for these motions was established months in advance, giving Defendant ample time to plan and prepare these substantive filings.

[4] For the Court's information, there are currently only two lawyers at the law firm representing Plaintiff in this matter due to the departure of a couple of associate attorneys recently. Although the firm intends to replace those lawyers, there is currently a lack of additional resources to supplement the efforts of the undersigned. The undersigned's partner currently has close to 100 cases of her own for which she is lead trial counsel, and thus her schedule does not permit her to provide any relief to the undersigned.

- Since the filing of the two motions, trial counsel has been working on expert disclosures and other significant discovery milestones in *Wojciechowski vs. the City of New Port Richey, et al.* Case No. 8:23-cv-01885-SDM-TGW, which is pending in the Middle District of Florida, including preparing a substantive response to a motion seeking to dismiss the case that is due by 18 June.

- The undersigned is lead trial counsel in *Jones v. City of New Port Richey*, Case 8:23-cv-00723-KKM-TGW, which is currently in the final month of discovery, with depositions being scheduled throughout the month of June (likely the entire week of 17 June as there are six people on schedule to be deposed), and the parties are court ordered to attend mediation on 24 June.

- The undersigned is lead trial counsel in *O'Dea v. Florida Highway Patrol*, Case 6:23-cv-01272-RBD-RMN.  Counsel was involved in a full day mediation for this employment discrimination, and recently received an order from the Court directing counsel to file an amended complaint by 13 June to address several issues that will have an impact on the outcome of this case.

- The undersigned is lead trial counsel in *Kaili Smith v. Florida Highway Patrol et al*, Case 6:23-cv-01272-RBD-RMN. Plaintiff's deposition has been scheduled for the entire day on 26 June, and there is likely to be a second witness deposition either 1 or 2 July 2024 (the lawyers are negotiating this issue with the witnesses).

- The undersigned is lead trial counsel in a case styled *Klinakis et al v. Altus Jobs, LLC et al*, Case 6:22-cv-01756-RBD-RMN, a FLSA class action case. The employer filed a Chapter 11 Bankruptcy Case, which required the undersigned to undertake a significant effort to file a proof of claim for his clients, contend with motions from the debtor's counsel to transfer this class action case to the supervision of the bankruptcy Court, and to deal with a myriad of other issues concerning the case in determining the administration of the claims once transferred to the bankruptcy Court for administration, all of which was extremely time consuming.  In addition to the administrative

tasks associated with this matter, there is an in person hearing scheduled for 18 June @ 1:30.

- The undersigned is lead trial counsel in a domestic relations matter styled *Johnson v. Thompson*, Case No 05-20223-DR-040996, that is scheduled for a full day of mediation on 19 June and involves complex issues involving a minor child.

- The undersigned is lead trial counsel to the Plaintiffs in the putative class action lawsuit styled: *Jessica MacAfee et al v. LifeStance Health (Nationwide Class Action)*, Case No. 2:23-cv-01144-DJH, pending in the United States District Court of Arizona[5]; with a companion case *Emmanuella Armand, et v. LifeStance Health* (Florida Class Action Lawsuit), Case No. 6:23-cv-00103, pending in the United States District Court for the Middle District of Florida.  Counsel is engaged in extensive discovery in these cases during the month of June in preparation for a series of mediations that commence on 26 July 2024.

In addition to the significant projects listed above, the undersigned has depositions, hearings, and client matters scheduled throughout most of the month of June 2024, that will take time away from his ability to focus on preparing the responses to Defendant's two motions at issue in this motion.

Although the undersigned does not enjoy featuring his personal medical issues in public filings, the undersigned previously disclosed to this Court (in prior filings) and to opposing counsel that he is receiving taxing treatment and testing for Stage IV cancer, which often obligates him to miss work a few days during the beginning of each month.

---

[5] This collective action case involves between 7,000 and 9,000 potential collective and class action members.

The undersigned missed work in early May, has not had the opportunity to work much during the week of 3 June (and in fact missed a full day of work because he had a full day of scans and other testing), and will have similar constraints on his availability the first two to three days of July.  This unavoidable constraint, coupled with his rigorous work schedule, is the reason why Plaintiffs are requesting more than the two weeks that Defendant agreed to – another 14 days (which also includes a three-day holiday weekend) is not going to impact anyone or any obligation in this case whatsoever.

## IV.   GOOD CAUSE EXISTS TO JUSTIFY THE RELIEF REQUESTED.

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may grant an extension of time for good cause shown if a motion for extension of time is filed before the original deadline expires. The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *Jozwiak v. Stryker Corp*., No. 6:09-cv-1985-Orl-19GJK, 2010 U.S. Dist. LEXIS 17221, at *5 (M.D. Fla. Feb. 26, 2010); *See Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) ("The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") (internal quotations omitted).

Plaintiffs and their trial counsel respectfully submit that they have satisfied the elements of showing good cause for the relief requested based on the representations made in Section II of this memorandum.  Plaintiffs and their trial counsel humbly request that the Court consider the issues raised above and grant this motion consistent with the schedule articulated in Section II of this memorandum, or as this Court deems appropriate under the circumstances.

Respectfully submitted,

Kevin K. Ross-Andino, FBN 66214
kevin.ross@eclatlaw.com

éclat Law, PA
851 S. State Road 434 # 1070-321
Altamonte Springs, Florida 32714
Main Line: (407) 636-7004

*Lead Trial Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court this 6th day of June 2024 by using the Federal Case Management/Electronic Case Files System (CM/ECF System). Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the CM/ECF Electronic Service List, via transmission of Notices of Electronic Filing generated by the CM/ECF System.

Kevin K. Ross-Andino